Filed 2/21/24  In re A.G. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re A.G., et al., Persons Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY,<br><br>        Plaintiff and Respondent,<br><br>            v.<br><br>  J.K.,<br><br>        Defendant and Appellant. | G062737<br><br>(Super. Ct. Nos. 21DP0817, 21DP0818)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING; NO CHANGE IN JUDGMENT |

It is hereby ordered that the opinion filed on January 31, 2024, be modified as follows:

On page 2, the last sentence of footnote 2, beginning with "In light of our ruling" between the words "order" and "as" insert "with respect to C.K. and L.K." so that the sentence reads as follows:

"In light of our ruling on J.K.'s appeal, we will conditionally reverse the order with respect to C.K. and L.K. as to the mother also."

There is no change in the judgment.

The petition for rehearing is DENIED.

DELANEY, J.

WE CONCUR:

O'LEARY, P. J.

MOTOIKE, J.

Filed 1/31/24  In re A.G. CA 4/3 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re A.G., et al., Persons Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>J.K.,<br><br>    Defendant and Appellant. | G062737<br><br>(Super. Ct. Nos. 21DP0817, 21DP0818)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Robert Gerard, Judge.  Conditionally reversed.  Respondent's motion to take additional evidence.  Granted.

Marisa L. D. Conroy, under appointment by the Court of Appeal, for Defendant and Appellant.

Leon J. Page, County Counsel, Karen L. Christensen and Aurelio Torre, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for Minors.

*      *      *

Father (J.K.) appeals from the juvenile court's order terminating his parental rights and placing twins C.K. and L.K. (minors) for adoption following a Welfare and Institutions Code section 366.26 hearing (366.26 hearing).[1] J.K. contends the order should be reversed because respondent Orange County Social Services Agency (SSA) failed to comply with its obligations under the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.; ICWA). We conclude there was insufficient evidence to sustain the juvenile court's finding that ICWA did not apply. Rather, the record shows SSA failed to satisfy its duty of further inquiry. Accordingly, we will conditionally reverse and remand for the limited purpose of allowing SSA to comply with ICWA.[2]

## FACTS

I. *Dependency Petitions*

On July 21, 2021, senior social worker Breeze Jeffries (SSW Jeffries) filed an application for a protective custody warrant pursuant to section 340 to temporarily remove the minors and their two older half siblings from their mother and fathers, including J.K. The application alleged that although the mother denied any current drug use, the minors were born positive for methamphetamine. J.K. had an extensive criminal history and substance abuse history. The juvenile court granted a protective custody warrant as to the minors, but denied it as to the half siblings.

---

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise stated.

[2] The mother also appealed from the order terminating parental rights over the minors. After her counsel filed a brief stating no arguable issues can be found (see *In re Sade C.* (1996) 13 Cal.4th 952, 994), this court dismissed her appeal. In light of our ruling on J.K.'s appeal, we will conditionally reverse the order as to the mother also.

2

On July 23, 2021, SSA filed a dependency petition pursuant to section 300, subdivision (b), alleging there was a substantial risk the minors would suffer serious physical harm or illness by their parents' inability to provide care due to mental illness or substance abuse. The petition alleged that the mother and the minors tested positive at birth for amphetamines, that the mother has ongoing mental health issues and unresolved substance abuse problems, and that J.K. had unresolved substance abuse problems and a history of mental health issues.

At the detention hearing, the juvenile court found SSA made a prima facie showing under section 319 and the minors came within section 300. It found J.K. the presumed father of the minors. At the jurisdictional hearing, the juvenile court found true the allegations in the petition, ordered the minors removed, and granted reunification services to the parents.

At the June 10, 2022 contested six-month review hearing, the court found J.K.'s progress toward alleviating or mitigating the causes necessitating placement of the minors was minimal, and terminated his reunification services. At the December 9, 2022 contested twelve-month review hearing, it found the mother's progress was minimal and terminated her services. The court scheduled a 366.26 hearing on termination of parental rights.

After the 366.26 hearing, on May 31, 2023, the court terminated the parental rights of the mother and J.K., and ordered the minors placed for adoption. On July 23, 2023, J.K. noticed an appeal from the order terminating his parental rights.

A. *ICWA Findings*

On July 21, 2021, the mother denied Native American Indian ancestry to SSW Jeffries. On the ICWA-010 form, SSW Jeffries indicated the parents gave no reason to believe the minors are or may be Indian children.

At the July 27, 2021 detention hearing, the parents denied Native American Indian ancestry. The juvenile court found ICWA did not apply to the minors. At the jurisdictional and disposition hearing, the court again found ICWA did not apply.

In connection with the 12-month review hearing, SSA filed a report which also addressed ICWA. Social service worker J'Amy Viers (SSW Viers) reported that on August 9, 2022, the mother had denied any Native American ancestry in her family, but the maternal grandfather stated his "mother was part Cherokee." This information resulted in the generation of an ICWA referral for all four children, including the minors, the same day.

In an addendum report prepared in connection with the ICWA referral, SSA reported that on August 22, 2022, social worker Teresa Santoro (SW Santoro) interviewed the maternal grandfather. He explained he was adopted and his adoptive mother, the maternal great grandmother, had Cherokee ancestry. However, neither he nor his mother is enrolled in a tribe. The maternal grandfather could not provide contact information for relatives who might have further information. The following day, he called SW Santoro and provided names, dates of birth, places of birth, and dates of death for a number of additional relatives. Based on this information, SW Santoro concluded there was a "[r]eason to [b]elieve" the children were Indian children and initiated an ICWA referral.

SW Santoro interviewed the parents, the maternal grandparents, and the paternal grandmother. All denied Native American ancestry, except for the maternal grandfather who stated the maternal great grandmother had Cherokee ancestry. SW Santoro "[u]tilized the BIA and its resources for assistance in identifying" contact information for the Cherokee tribes. She contacted the three federally recognized Cherokee tribes. On August 24, 2022, the social worker sent an ICWA inquiry to the Cherokee Nation by e-mail and certified mail. On August 26, 2022, ICWA Unit Clerk Kelli Brown (Clerk Brown) sent an updated inquiry with additional family members'

4

information by certified mail. On September 9, 2022, the Cherokee Nation responded that "the *child* is not eligible for membership in the tribe." (Italics added.)

On August 24, 2022, Clerk Brown sent an ICWA inquiry by certified mail to the Eastern Band of Cherokee Indians and the United Keetoowah Band of Cherokee Indians in Oklahoma. On August 26, 2022, the social worker sent an updated inquiry. The addendum report noted no response from either tribe as of December 8, 2022.

Although the court read, considered, and accepted the various SSA reports, including the addendum report on the ICWA referral, it made no ICWA finding at the 12-month review hearing. Information on the ICWA referral was never included in any subsequent report, including the report prepared for the 366.26 hearing.

At the 366.26 hearing on May 19, 2023, SSW Viers testified about the ICWA referral, noting it was in the "previous report." She also stated that the ICWA referral "came back negative" and "there hasn't been any additional information from the maternal family to give us other information." Subsequently, the court stated that it "spent numerous hours over the holiday weekend going back through all the reports" to make its findings on various issues such as the parents' visitation. It found, "based on a review of the entire file, exhaustive review of the entire file and the most recent reports . . . that ICWA does not apply."

DISCUSSION

I.    *Applicable Law*

"[S]ection 224.2 creates three distinct duties regarding ICWA in dependency proceedings. First, from [SSA]'s initial contact with a minor and his family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a) & (b).) Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then [SSA] 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' (*Id*., subd. (e), italics added.) Third, if that further inquiry results in a

5

reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply. [Citations.]" (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.)

This case involves the adequacy of SSA's further inquiry. Pursuant to section 224.2, the required further inquiry includes, but is not limited to: (1) "[i]nterviewing the parents, Indian custodian, and extended family members to gather the information" (§ 224.2, subd. (e)(2)(A)); (2) "[c]ontacting the Bureau of Indian Affairs and the State Department of Social Services for assistance in identifying the names and contact information of the tribes in which the child may be a member, or eligible for membership in" (*id*., subd. (e)(2)(B)); and (3) "[c]ontacting the tribe or tribes and any other person that may reasonably be expected to have information regarding the child's membership, citizenship status, or eligibility. Contact with a tribe shall, at a minimum, include telephone, facsimile, or electronic mail contact to each tribe's designated agent for receipt of notices . . . . Contact with a tribe shall include sharing information identified by the tribe as necessary for the tribe to make a membership or eligibility determination, as well as information on the current status of the child and the case." (*Id*., subd. (e)(2)(C).)

"On appeal, we review the juvenile court's ICWA findings for substantial evidence. [Citations.] But where the facts are undisputed, we independently determine whether ICWA's requirements have been satisfied." (*In re D.S.*, *supra*, 46 Cal.App.5th at p. 1051.) In this court, "SSA and the court's failure to comply with its duties under ICWA is presumed to be prejudicial." (*In re E.V.* (2022) 80 Cal.App.5th 691, 700.)

II. *Analysis*

The sole issue on appeal is whether substantial evidence supports the juvenile court's finding that ICWA does not apply. J.K. attacks the court's finding on two grounds. First, he contends SSA's failure to include evidence of its further inquiry in the section 366.26 report deprived the court of any evidence from which it could make an informed ICWA finding. Second, he contends that even if the further inquiry evidence

6

had been submitted, it was insufficient to sustain the court's finding because the evidence only related to a half sibling of the minors. We address each issue in turn.

In this case, SSA found a reason to believe the minors were Indian children based on the maternal grandfather's statement that the maternal great grandmother had Cherokee ancestry. SSA conducted a further inquiry, including contacting the three federally recognized Cherokee tribes. SSA documented its further inquiry in an addendum report to the 12-month review hearing report. The information concerning the further inquiry was not repeated or referenced in the section 366.26 report or any later report. At the 366.26 hearing, SSW Viers referenced the further inquiry and its result, but did not provide any specific details.

On this record, we conclude SSA failed to comply with its obligations under California Rules of Court, rule 5.481(a)(5) (rule 5.481(a)(5)), which requires that SSA "on an ongoing basis include in its filings a detailed description of all [ICWA] inquiries, and *further inquiries* it has undertaken and all information received pertaining to the child's Indian status." (Italics added.) SSA should have included the information about the further inquiry in the section 366.26 report. (See *In re Josiah T.* (2021) 71 Cal.App.5th 388, 407 [failure to include further inquiry of paternal grandfather in the section 366.26 report and three addenda violated requirements of rule 5.481(a)(5)].) Nevertheless, the error was harmless because the court expressly stated that it had reviewed the entire case file to make its ICWA finding. Given that the same judge has presided over the case from its inception, we conclude the failure to include information of the ICWA referral in the section 366.26 report did not deprive "the juvenile court of the information it needed to make informed rulings as to whether [SSA's] inquiry was adequate and whether ICWA applied." (*In re Josiah T.*, *supra*, 71 Cal.App.5th at p. 407.)

Next, J.K. contends the information on the further inquiry provided in the 12-month review report and its addendum was insufficient to sustain the court's ICWA finding. Before analyzing this claim, we must address SSA's motion to take additional

7

evidence pursuant to Code of Civil Procedure section 909.  In its motion, SSA requests this court accept and consider evidence that all three Cherokee tribes responded to its ICWA inquiry in September 2022, and they state that a half sibling of the minors was not an Indian child.  SSA argues this evidence will (1) correct the misstatement in the addendum report that two of the three Cherokee tribes had not responded, (2) confirm the tribes received the inquiries, and (3) support the juvenile court's finding on ICWA.  We will grant the motion because the additional evidence clarifies the information presented in the addendum report on SSA's further inquiry.  (See *In re A.B.* (2008) 164 Cal.App.4th 832, 843 ["Code of Civil Procedure section 909 allows appellate courts to 'accept evidence in dependency cases "to expedite just and final resolution for the benefit of the children involved."' [Citation.]"].)

However, the augmented record does not provide clarity in favor of affirming here.  Section 224.2, subdivision (e)(2)(c) requires that '[c]ontact with a tribe shall include sharing information identified by the tribe as necessary for the tribe to make a membership or eligibility determination, as well as information on the current status of the *child* and the case."  (Italics added.)  The addendum report on SSA's further inquiry, which the trial court likely relied upon in making its ICWA finding, reported inquiries to the three Cherokee tribes "regarding the *child's* membership or eligibility status."  (Italics added.)  On this report, one would believe SSA's ICWA inquiry was to the minors.  The augmented record, however, does not contain e-mail(s) and/or document(s) submitted to the tribes regarding the minors.  Instead, the additional evidence submitted by SSA to this court indicates the tribal contacts did not relate to the minors, but only to the minor's half sibling.[3]  Thus there is insufficient evidence to establish that SSA provided the required

---

[3]     Although we appreciate SSA's argument that a tribal determination in respect to the minors' maternal half sibling should apply to the minors, SSA cites to no authority allowing us to accept a tribal letter that is unresponsive to the minors at issue in this appeal.

information to the tribes about the minors, including "information about the current status of the child and the case."  Based on the augmented record, SSA failed to comply with its further inquiry obligations with respect to the minors.

This court has adopted a "clear rule that requires reversal" in all cases where ICWA inquiry rules were not followed.  (See *In re A.R.* (2022) 77 Cal.App.5th 197, 207 [initial inquiry]; *In re G.H.* (2022) 84 Cal.App.5th 15, 32 [further inquiry].)  Following our prior precedents, the judgment terminating parental rights must be conditionally reversed and the matter remanded for compliance with ICWA.  (See *In re E.V.*, *supra*, 80 Cal.App.5th at p. 701; *In re A.R.*, *supra*, 77 Cal.App.5th p. 208.)

DISPOSITION

The judgment is conditionally reversed as to both parents, and remanded to the juvenile court for the limited purpose of allowing SSA to comply with ICWA.  After complying with applicable inquiry and notice requirements, if it is determined that ICWA does not apply, the court's judgment shall be reinstated.  County counsel's request we consider additional evidence is granted.


DELANEY, J.

WE CONCUR:


O'LEARY, P. J.


MOTOIKE, J.


9